**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT COLUMBIA**

| | | |
|---|---|---|
| **LaBREESHA BATEY** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-00020** |
| | ) | |
| **STATE OF TENNESSEE** *et al.* | ) | |

**TO:   Hon. William L. Campbell, Jr., Chief United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons set out below, the undersigned respectfully recommends that this case be

**DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).[1]

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this case seeking relief under 42 U.S.C. § 1983 on April 2, 2025.  (Docket

No. 1.)  Nothing in the case indicates that either Defendant State of Tennessee or Defendant Nathan

Methvin have been served with process.  On June 24, 2025, Plaintiff filed a motion to continue the

initial case management conference because all parties had not yet been served. (Docket No. 9.)

In an order, entered on June 27, 2025, rescheduling the initial case management conference,

Plaintiff was reminded of the requirement of Rule 4(m) for service of process within 90 days of

the filing of the complaint. (Docket No. 10 at 1.) Plaintiff was also cautioned that failure to timely

serve process could result in dismissal of this case without prejudice.  (*Id.*)

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

The deadline for Plaintiff to demonstrate proper service of process on Defendants expired on July 1, 2025. Fed. R. Civ. P. 4(m). Plaintiff has not shown that Defendants were timely served with process. *See also* Fed. R. Civ. P. 4(l).

## II. LEGAL STANDARD AND ANALYSIS

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) additionally provides that the court may "order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) also directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff has neither requested an extension nor offered any cause, much less good cause, for failure to timely serve Defendants with process. Because Plaintiff was notified by the Court's June 27, 2025 order of the prospect of dismissal of this case for failure to effect service and has not shown that service of process was timely effectuated, dismissal is now mandatory.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Judge's Order regarding the Report and

Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge